UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

WINDSOR COLEMAN,

                                            Petitioner,

          v.                                                          9:25-CV-1216
                                                                      (BKS/ML)
NEW YORK STATE DEPARTMENT OF CORRECTIONS
AND COMMUNITY SUPERVISION,

                                            Respondent.[1]

_____

APPEARANCES:                                 OF COUNSEL:

WINDSOR COLEMAN
Petitioner, pro se
17-A-2958
Mid-State Correctional Facility
P.O. Box 2500
Marcy, New York 13403

BRENDA K. SANNES
Chief United States District Judge

**DECISION and ORDER**

**I.    INTRODUCTION**

        Petitioner Windsor Coleman seeks federal habeas corpus relief pursuant to 28 U.S.C.

§ 2254.  Dkt. No. 5, Amended Petition ("Am. Pet."); Dkt. No. 5-3, Exhibits ("Ex."); Dkt. No. 6,

Declaration ("Decl.").[2]

_____

[1] The proper respondent for a federal habeas action is the superintendent of the facility in which petitioner is incarcerated. *See* Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody."). Accordingly, the Clerk is respectfully directed to update the caption to reflect the proper respondent: Thomas Delmar, Superintendent of Mid-State Correctional Facility.
[2]  For the sake of clarify, citations to petitioner's filings refer to the pagination generated by CM/ECF, the Court's electronic filing system.

On August 27, 2025, Hon. Sanket Bulsara, from the Eastern District of New York, authored an Order ultimately transferring the petition from the Eastern District – where it was initially filed – to this District.  Dkt. No. 7, Order ("August Order").  Further, the August Order concluded that the pleading should have been interpreted as a civil rights complaint pursuant to 42 U.S.C. §1983.  *Id.* at 1-4.  However, the August Order did not convert the petition to a civil rights complaint given "the predicate venue problem[.]"  *Id.* at 4.

For the reasons outlined below, a portion of this pleading must be transferred to the Second Circuit because it can be construed as a claim seeking federal habeas corpus relief.  As such, the claim is successive.  Furthermore, to the extent petitioner seeks to challenge the conditions of his confinement, any such challenges must occur in a separately filed federal civil rights complaint.

## II.    PREVIOUS HABEAS PETITIONS

Petitioner previously filed a habeas petition in the Eastern District of New York.  *See Coleman v. Bell*, No. 2:21-CV-1669 ("*Coleman I*"), Dkt. No. 1, Petition; *Coleman I*, Dkt. No. 10 & 13, Supplemental Filings in Support of Petition; *Coleman I*, Dkt. No. 17, Order (denying respondent's motion to dismiss and deeming petition amended); *see also Coleman v. Bell*, No. 2:21-CV-1669, 2025 WL 692054, at *1 (E.D.N.Y. Mar. 4, 2025) (denying amended petition).

In *Coleman I*, petitioner challenged his 2017 criminal conviction, from Nassau County, pursuant to a jury trial, for three counts of selling controlled substances and two counts of possessing controlled substances with the intent to sell.  *See Coleman I*, 2025 WL 692054, at *1.  Petitioner argued that he was entitled to federal habeas relief because (1) he "was denied due process and his rights under the Confrontation Clause were violated when the

prosecution failed to call a confidential informant as a trial witness[;]" (2) he "was denied due process when false statements were asserted in the search warrant affidavit[;]" (3) he "was denied due process when the trial court failed to suppress a suggestive photographic array[;]" (4) his "trial counsel was [constitutionally] ineffective in various respects[;]" (5) he "was denied due process when the prosecution failed to produce discovery, specifically evidence logbooks and field test reports[;]" (6) he "was denied due process when the state court's protective order concerning the confidential informant impaired his ability to suppress evidence[;]" and (7) his "appellate counsel was [constitutionally] ineffective." *Id.* The district court found that some of petitioner's claims were procedurally barred and all of them were meritless. *Id.*, 2025 WL 692054, at *9-*24.

## III.    PRESENT HABEAS PETITION

The present petition also challenges petitioner's 2017 conviction, from Nassau County, pursuant to a jury verdict for three counts of selling controlled substances and two counts of possessing controlled substances with the intent to sell. Am. Pet. at 4-5. Petitioner recounts the procedural history of his direct and collateral challenges to his state court conviction, as well as his unsuccessful, first federal habeas corpus petition. *Id.* at 5-8.

In an attached memorandum of law, petitioner makes two arguments. *See* Am. Pet. at 9-23. First, petitioner contends that he "was deprived of due process of law when the Lower Courts did not have jurisdiction of the offenses [he] was tried and found guilty of," in violation of his Fifth, Sixth and Fourteenth Amendment rights. *Id.* at 10-11. Specifically, petitioner contends that "[t]he Nassau County, Supreme Court, unconstitutionally held the Petitioner for crimes without obtaining an indictment or presentation of a grand jury," and that he "was tried and found guilty for charges under a fictitious indictment consisting of multiple drug offenses

without the filing of an indictment giving the Nassau County Supreme Court jurisdiction over the charges Coleman was found guilty." *Id.* at 11; *see also* Ex. at 2-15 (requesting various documents, through the Freedom of Information Law, pertaining to his criminal arrest and prosecution).

Second, petitioner argues that he was "deprived of due process of [the] law by Respondent failing to enforce state laws and equally protect the petitioner," in violation of his First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights. Am. Pet. at 10 & 12. When the petitioner expanded upon this claim, he indicated that the illegal prison strike deprived him of "[e]ffective legal services[,] . . . [p]rogramming[,] . . . [v]isitation[,] . . . [n]otary [services,] . . . [r]ecreation[,] . . . [m]ail [services,] . . . [and s]howers [and] hot water[.]" *Id.* at 12. Moreover, petitioner contended that he had been unlawfully denied relief for claims for which he had filed administrative grievances including unlawful strip searches, an inability to acquire tablets in the law library or access online legal research sites, the denial of religious services, the refusal to allow petitioner to utilize his commissary account to purchase food items that were consistent with his dietary and religious needs, various HIPAA violations, the denial of recreation/call-out activities, and lost or destroyed property. Am. Pet. at 13-20, Decl. at 1-11.[3]

---

[3] Attached to the Amended Petition and Declaration were numerous grievance packets concerning the various civil rights violations petitioner claims to have suffered. *See also* Ex. at 34-45, 152-53 (grieving HIPAA violations while receiving care at Lakeview and Attica); Ex. at 47 (grieving "being deprived of normal programs during the [corrections officers statewide] strike[.]"); Ex. at 52-57, 162 (complaining that grievances are not being addressed in a timely manner at Attica and Mid-State Correctional Facilities); Ex. at 83-91 (grieving an allegedly illegal strip frisk while at Attica); Ex. at 93-111, 126-29, 157-58, 164-175 & Decl. at 29-40 (grieving inability to access Westlaw and law library tablets, as well as receive requested copies in a timely manner, while at Mid-State and Attica Correctional Facilities); Ex. at 120-25 (grieving inability to use commissary account to purchase food that complies with his allergies and religious convictions); Ex. at 148-150 & Decl. at 48-54 (grieving lack of religious services at Attica); Ex. at 160- (lodging complaints that corrections officers were destroying grievances); Ex. at 177-184 (grieving noncompliance with regulations allowing for recreation and call-out opportunities while segregated in Special Housing at Attica and Mid-State); Ex. at 186-213 (alleging intentional destruction or theft of property while at/leaving Lakeview and Attica); Decl. at 12, 44-46 (grieving the fact that petitioner is not receiving kosher water with his meals); Decl. at 14-16, 19 (complaining that petitioner has been wrongfully prohibited from establishing a

## IV.    DISCUSSION

As Judge Bulsara noted, there are elements of both a federal habeas petition and civil rights claim apparent in this pleading.  The Second Circuit has acknowledged that pro se litigants can simultaneously pursue federal habeas and civil rights relief; however, the district court is charged with resolving those issues typically contemplated during an initial review "where both forms of relief originally were sought in the federal complaint," as opposed to "simply 'ignoring' [one of the litigant's] request[s] for [relief.]"  *Williams v. Ward*, 556 F.2d 1143, 1151-52 (2d Cir. 1977).

### A.    Claims for Federal Habeas Relief

Here, the first question to consider – as Judge Bulsara's opinion only suggested that the present action be converted to a civil rights complaint without going so far as to convert it – is whether any of the pleading sought federal habeas corpus relief.  The Supreme Court has unequivocally held "that state prisoners use only habeas corpus . . . remedies when they seek to invalidate the duration of their confinement – either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody."  *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005).

In this case, the first question that petitioner briefs in his attached memorandum of law is whether "[t]he Nassau County, Supreme Court, unconstitutionally held the Petitioner for crimes without obtaining an indictment or presentation of a grand jury," and whether petitioner "was tried and found guilty for charges under a fictitious indictment consisting of multiple drug offenses without the filing of an indictment giving the Nassau County Supreme Court

_____

commissary account so that he can purchase food which is compliant with his dietary and religious needs); and Decl. at 21-27 (grieving that petitioner has been unfairly restricted in his ability to make commissary purchases).

jurisdiction over the charges Coleman was found guilty."  Am. Pet. at 11.  While Judge

Bulsara concluded that these claims "arguably could but need not proceed in habeas,"

August Order at 3 (internal quotation marks omitted), the undersigned disagrees.  Liberally

construing petitioner's claims and attached exhibits, it appears he argues that the charging

documents underlying his state court criminal conviction, as well as the initial stages of his

prosecution, were unlawful and render his conviction unconstitutional.  Because this

argument seeks to invalidate his state court conviction, it "lies within the heart of § 2254 by

challenging the fact of his confinement."  *Diaz v. Kopp*, 146 F.4th 301, 307 (2d Cir. 2025)

(internal quotation marks and citations omitted).  However, even though the undersigned has

identified a portion of the pleading which seeks federal habeas relief, the analysis does not

end there.

The Antiterrorism and Effective Death Penalty Act (AEDPA) restricted the ability of

petitioners to file second or successive petitions.  *See* 28 U.S.C. § 2244(a) ("[n]o . . . district

judge shall be required to entertain an application for a writ of habeas corpus . . . if it appears

that the legality of such detention has been determined by a judge or court of the United

States on a prior application for a writ of habeas corpus[.]").  "A petition is second or

successive if a prior petition raising claims regarding the same conviction or sentence has

been decided on the merits."  *Quezada v. Smith*, 624 F.3d 514, 517-18 (2d Cir. 2010)

(internal quotation marks and citations omitted); *see also Adams v. Corcoran*, 416 F. App'x

84, 85 (2d Cir. 2011) ("While not every numerically second petition is considered a second or

successive one, a dismissal on the merits . . . renders any subsequent petition second or

successive within the meaning of AEDPA.") (internal quotation marks omitted).

In such circumstances, the AEDPA requires individuals seeking to file a second or successive petition to obtain leave of the appropriate Court of Appeals for an order authorizing the district court to consider the second or successive application.  28 U.S.C. § 2244(b)(1)-(3); *see also* Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."); N.D.N.Y. L.R. 72.4(c) ("Before a second or successive application is filed in this Court, the applicant shall move in the Second Circuit Court of Appeals for an order authorizing the district court to consider the application.").  The Second Circuit has directed "that when a second or successive petition for habeas corpus relief . . . is filed in a district court without the authorization by th[e Second Circuit] that is mandated by § 2244(b)(3), the district court should transfer the petition or motion to th[e Second Circuit] in the interest of justice pursuant to § 1631[.]"  *Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996).[4]

Here, petitioner is challenging the same 2017 Nassau County conviction which he previously disputed in his prior habeas action.  *Compare* Am. Pet. at 4-8, 10-11, *with Coleman I*, 2025 WL 692054, at *1.  Further, *Coleman I* was dismissed on the merits.  *See Coleman I*, 2025 WL 692054, at *9-*24.  Accordingly, both prongs of the second or successive petition test have been satisfied.

---

[4]  The Second Circuit rested its decision on 28 U.S.C. § 1631 which was intended to "aid litigants who were confused about the proper forum for review."  *Liriano*, 95 F.3d at 122.  "In determining whether a transfer is in the interests of justice . . . [f]actors militating for a transfer include . . . a finding that the original action was filed in good faith."  *Id.* (internal quotation marks and citations omitted).  In *Liriano*, the Second Circuit specifically defined an instance of good faith, where the inmate's successive "filing . . . reflect[ed] ignorance concerning the . . . procedural requirements of § 2244(b)(3), rather than an effort to circumvent those requirements."  *Id.*

Because district courts have no jurisdiction to decide successive petitions, the Court is required to transfer this action, more specifically the first claim in said action, to the appropriate Court of Appeals so petitioner can receive permission, and this Court can be authorized, to further proceed with the instant action. *Torres*, 316 F.3d at 151-52. Consequently, the Court transfers this action to the Second Circuit, pursuant to 28 U.S.C. § 1631, for a determination under 28 U.S.C. § 2244(b) as to whether the petitioner should be permitted to file a second or successive habeas petition in the district court. *Id.*

### B.    Claims for Federal Civil Rights Relief

With respect to petitioner's second claim, a different analysis controls. As discussed in the August Order,

> "Conditions of confinement" is not a term of art; it has a plain meaning. It quite simply encompasses all conditions under which a prisoner is confined for his term of imprisonment. These include terms of disciplinary or administrative segregation such as keeplock or solitary confinement, as well as more general conditions affecting a prisoner's quality of life such as: the revocation of telephone or mail privileges or the right to purchase items otherwise available to prisoners . . . ; and the deprivation of exercise, medical care, adequate food and shelter, and other conditions that, if improperly imposed, could violate the Constitution.

*Jenkins v. Haubert*, 179 F.3d 19, 28 (2d Cir. 1999) (citations omitted). Sometimes conditions of confinement can be litigated as part of a habeas petition; however, those boundaries are ill-defined. The Second Circuit has recently held "that, *at least* where a petitioner alleges unconstitutional conditions that are irremediable but for the release of the petitioner, such conditions of confinement are cognizable under habeas." *Diaz*, 146 F.4th at 307-08 (citing cases).

8

In this case, petitioner's complaints about the conditions of his confinement – including being subjected to strip frisks, interference with his property and law library access, issues with his medical care, an inability to access or be provided with meals and services that comply with his religious beliefs, and the deprivation of exercise – are all remediable complaints that ask for injunctive relief far short of release from custody. These are the types of claims which the Second Circuit has squarely categorized as civil rights complaints in the past. *See Moorish Sci. Temple of Am., Inc. v. Smith*, 693 F.2d 987, 989 (2d Cir. 1982) (holding that petitioner's complaints about his "Muslim diet and segregation . . . , although asserted in the context of a habeas petition . . . [we]re more properly cognizable under 42 U.S.C. § 1983 even though [they] we[re] not appropriately raised in the habeas petition."). Consequently, the undersigned agrees with the August Order, that the second half of what petitioner is challenging should be brought to this Court in a federal civil rights complaint.

However, the demands of a civil rights complaint and a federal habeas petition are vastly different. Because part of petitioner's claims are construed as those seeking federal habeas relief and transferred to the Second Circuit, the filing fee that petitioner submitted can properly be attributed to that claim. However, to properly commence a federal civil rights complaint, petitioner will need to file a new pleading, accompanied by either an application to proceed in forma pauperis or the $350 statutory filing fee pursuant to 28 U.S.C. § 1915. The Clerk is directed to provide petitioner with further information on pro se federal civil rights complaints.

## V.    CONCLUSION

**WHEREFORE**, it is

**ORDERED** that the Clerk transfer this petition to the United States Court of Appeals for the Second Circuit, pursuant to 28 U.S.C. § 1631, for a determination under 28 U.S.C. § 2244(b) as to whether petitioner should be authorized to file a second or successive habeas petition in the district court; and it is further

**ORDERED** that the Clerk is directed to provide petitioner with a 42 U.S.C. section 1983 packet for his reference; and it is further

**ORDERED** that the Clerk serve a copy of this Order on petitioner in accordance with the Local Rules.

Dated: <u>October 27, 2025</u>

Brenda K. Sannes
Chief U.S. District Judge